UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELA BERNHARDT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | No. CV 99-10121-GHK (PLA)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## **INTRODUCTION**

On February 18, 2009, the United States Magistrate Judge issued a Report and Recommendation in this matter. On March 4, 2009, plaintiff filed Objections to the Report and Recommendation of Magistrate Judge ("Objections"), and a proposed Fourth Amended Complaint. On March 16, 2009, plaintiff filed a document that included a request for judicial notice and a memorandum of points and authorities in opposition to the Report and Recommendation, with several attachments ("supplemental opposition").

## **DISCUSSION**

Initially, the Court denies plaintiff's request for leave to file the Fourth Amended Complaint. Pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires."

Amendments should be allowed with "extreme liberality." Morongo Valley Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (noting that a request for leave to amend by a pro se litigant should be denied only with caution). "A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile." Flowers, 295 F.3d at 976 (citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990)); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996). In this case, leave to amend would be futile because the proposed amended complaint cannot cure the legal deficiency of plaintiff's operative pleading. Moreover, plaintiff's attempts to add causes of action arising from the Underlying Action are both irrelevant to the Motion presently before the Court and barred by the statute of limitations.

Next, the Court rejects plaintiff's objections pertaining to Pony. Plaintiff largely argues that Pony was wrongly decided or inapplicable. (See Objs. at 3-5, 8). The Court, of course, is bound by the decisions of the Ninth Circuit. Further, the law review article that plaintiff references and attaches pertains to a proposal that Congress act to restore the intent behind the Fees Act by ensuring that all prevailing attorneys in civil rights actions receive attorney's fees. That issue too is not before this Court, and any prospective changes to § 1988 will not be applicable to plaintiff's situation. (See Objs. at 4-5, Ex. A).

Additionally, plaintiff objects that the matter of her assignment of her right to attorney's fees is "not the central issue of plaintiff's claim." (Objs. at 4). This objection is belied by plaintiff's SAC, which states, "Unless plaintiff has the ability to transfer *enforceable* rights to an attorney, the rights are valueless to her; she cannot obtain an attorney, and a pro se plaintiff who somehow prevails is not entitled to statutory attorney's fees under 42 U.S.C. § 1988." (SAC ¶ 31(emphasis in original)).

Plaintiff's objection that disputed issues of material fact remain because defendant reserved the right to contest the underlying facts if its Motion is denied has already been addressed by the Court in footnote 6 of the Report and Recommendation. (See Objs. at 6-7).

Finally, plaintiff objects to a "Notice to Filer of Deficiencies in Electronically Filed Documents," entered herein on December 29, 2008, regarding five documents filed by the County. (See Objs. at 10, Ex. C). Plaintiff objects that she "did not know that defendant[']s documents of 12/18/2008 had been filed until 2/18/2008 [sic] two months later." Plaintiff, however, also states that "plaintiff was only served with 5 out of six documents on 12/18/2008 that came in the same packet." (Id.). It is unclear to the Court why plaintiff is raising an objection to a Notice of Deficiencies relating to documents filed by defendant, particularly in light of the fact that plaintiff admits that she was served with the documents. To the extent that plaintiff is objecting that she did not receive one of the documents filed by defendant, the documents were electronically filed, plaintiff has demonstrated her ability to both read and print such documents, and, consequently, during the pendency of the Motion plaintiff must have been aware of the contents of any document that she may now be alleging she did not receive from the County.

In her supplemental opposition, plaintiff appears to be attempting to raise additional objections to the Magistrate Judge's Report and Recommendation. She seeks judicial notice of many documents filed in this matter, which is unnecessary. Further, she contends that the fact that she was raising a conspiracy claim against the Sheriff's Deputies and Santa Monica College Police Officers in connection with her Underlying Action remains in dispute. But any dispute concerning the existence of such a claim is irrelevant to resolution of the pending Motion. Additionally, she asks the Court to reconsider its rulings with respect to documents she previously filed herein, but she makes no new arguments. Primarily, however, plaintiff is arguing facts pertaining to the Underlying Action and the litigation that arose from that matter. The Magistrate Judge and this Court have either already addressed all of her arguments and objections, or, in

1 the alternative, the Court finds that they are irrelevant to resolution of the pending Motion.

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, the Objections to the Report and Recommendation, and plaintiff's supplemental opposition. The Court has made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. The report and recommendation is adopted.
2. Defendant's motion for summary judgment is granted.
3. Judgment shall be entered dismissing this action with prejudice.
4. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 3/19/09

HONORABLE GEORGE H. KING
UNITED STATES DISTRICT JUDGE